UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MEHILL DAKA; CARLOS CINTRON; BENJAMIN LIVERMORE; JONATHAN CUNNINGHAM; RODNEY REID; XAVIER JOHNSON; and JOSE VELAZQUEZ,

          Plaintiffs,

-against-

CITY OF NEW YORK; COMMISSIONER MARTIN F. HORN, Department of Correction; WARDEN LARRY DAVIS; ASSISTANT DEPUTY WARDEN L. RIVERA # 89; CAPTAIN WILLIAM CARPENTER # 1193; CAPTAIN CHRISTOPHER SPEARS # 346; CAPTAIN RANDY MERRILL # 282; CAPTAIN GREGORY ANGRUM # 296; CAPTAIN MIGUEL MELENDEZ # 570; CAPTAIN DARLENE PHIFER # 473; CAPTAIN ANTHONY TOULON #688; C.O. VICTOR RODMAN # 9088; C.O. ZBIENIEW WINNICZEK # 9832; C.O. NICOLA McKENZIE # 4534; C.O. ANDRE HOLDER # 15794; C.O. OTIS HODGE # 11923; C.O. ROBERT LEE # 6811; C.O. KAREN MURPH # 9440; C.O. RAYMOND JACKSON # 10934; C.O. ROBERT ORLANDI # 15929; C.O. TRACEY HOOKS # 15068; C.O. KIM BAILEY #3407; C.O. VIVIAN ANDUJAR # 115247; C.O. KELLY CASTRO; C.O. ROBER LEIGH # 12732;  C.O. DONNA JOHNSON # 12284; C.O. ERIC SANCHEZ # 13414; C.O. DENNIS THORNE # 15851; C.O. JOHN CARSON # 13248; C.O. BERNABE REGIDOR # 8038; C.O. RONALD WATSON # 11215; C.O. TYRONE WILLIAMS # 12795; C.O. JUAN DeJESUS # 15264; C.O. ALBERTA REED 3 9461; C.O. J. VARGUEZ; C.O. SULLIVAN; C.O. HORN; and C.O. WILLIAMS; in their individual and official capacities,

          Defendants.

------------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

04 CV 7349 (SHS) (THK)

ECF

Jury Trial Demanded

**PRELIMINARY STATEMENT**

  1.  This is a civil rights action in which the plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. §§ 1983 and 1985(3), the First, Fifth, Eighth, and

Fourteenth Amendments to the United States Constitution, and, except for plaintiff Jose Velazquez, the laws of the State of New York.  The claims arise from incidents occurring on February 20, 2004 and March 11, 2004 in which members of the New York City Department of Correction ("DOC") subjected plaintiffs to, among other things, unreasonable and unnecessary force, retaliation for free speech, denial of medical care, fabricated evidence, assault and battery, conspiracy, and harassment.  Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983, and 1985(3), and the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.     Except for plaintiff Jose Velazquez, plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  Notices of claim were duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiffs' claims.  Moreover, except for plaintiff Jose Velazquez, this action was filed within one year and 90 days of the incident that is the basis of this case.

4.     Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Bronx County. Moreover, the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Mehill Daka is a resident of the State of New York, County of Westchester.

6. Plaintiff Carlos Cintron is a resident of the State of New York, County of Sullivan.

7. Benjamin Livermore is a resident of the State of New York, County of Franklin.

8. Jonathan Cunningham is a resident of the State of New York, County of Bronx.

9. Plaintiff Rodney Reid is a resident of the State of New York, County of Bronx.

10. Plaintiff Xavier Johnson is a resident of the State of New York, County of Bronx.

11. Plaintiff Jose Velazquez is a resident of the State of New York, County of Bronx.

12. The City of New York is a municipal corporation organized under the laws of the State of New York.

13. Martin F. Horn, sued herein in his official and individual capacities, was the Commissioner of the DOC in February and March 2004, and is the present Commissioner.

14. Larry Davis, sued herein in his official and individual capacities, was the warden of GRVC in February 2004 and March 2004, is the present warden of George R. Vierno Center ("GRVC"), located at 09-09 Hazen Street, East Elmhurst, New York 11370

15. L. Rivera sued herein in his official and individual capacities, was the assistant deputy warden of GRVC in February 2004 and March 2004, is the present assistant deputy warden of GRVC.

16. The individual defendants, sued herein in their official and individual capacities, are members of the DOC who were employed at GRVC who were either directly involved in the unconstitutional actions alleged herein, or who are liable as supervisors.

## STATEMENT OF FACTS

17. On February 20, 2004, at approximately 7:15 p.m., plaintiffs were incarcerated at the GRVC, Building 10A, Block C-74.

18. At that date and time, defendant correction officer McKenzie, without provocation, warning, or justification sprayed pepper spray in the vicinity of plaintiffs Rodney Reid, Xavier Johnson, and Jose Velazquez.

19. About that time, defendant correction officer McKenzie, without provocation, or justification activated a personal body alarm.

20. Without justification Assistant Deputy Warden L. Rivera dispatched three response teams to Building 10A, Block C-74.

21. Thereafter, the three response teams arrived at Building 10A, Block GRVC, consisting of defendant corrections officers Rodman, Winnick, Holder, Hodge, Lee, Murph, Jackson, Orlandi, Hooks, Bailey, Andujar, Castro, Leigh, Johnson, Sanchez, Thorne, Carson, Regidor, Watson, Williams, DeJesus, Reed, Varguez, Sullivan, Horn, and Williams, and defendant correction captains Carpenter, Spears, Merrill, Angrum, and Melendez.

22. Several defendant officers, acting in concert, without provocation, warning, or justification violently struck Rodney Reid with their fists, feet, and batons. Those

defendants who did not participate directly in the attack, failed to intervene and protect Reid from this assault.

23. Rodney Reid collapsed on the floor as a result of the defendants' attack, and while on the floor, defendants continued to repeatedly strike him about the body. Reid's face was covered with blood, and there was a pool of blood under him. Reid was handcuffed for a period when this assault occurred. The flex cuffs that were placed on Reid were excessively tight, causing abrasions. Those defendants who did not participate directly in the attack, failed to intervene and protect Reid from this assault.

24. During this assault Reid received a laceration to his head that would require the application of sutures and staples, dislodged teeth, abrasions, and bruises. Reid also suffered a concussion.

25. Several inmates, including Mehill Daka, Carlos Cintron, Benjamin Livermore, Jonathan Cunningham, and Xavier Johnson made statements, in words and effect, that defendants had seriously injured Reid or that the defendants' conducted could result in Reid's expiration.

26. The defendants dragged Robert Reid into a hallway adjacent to 10A, Block GRVC.

27. Several defendant officers, acting in concert, without provocation, warning, or justification violently struck Jose Velazquez from behind, causing him to fall to the floor. Those defendants who did not participate directly in the attack, failed to intervene and protect Velazquez from this assault.

28. The defendants bound the hands of all the inmates in Block 10A, Block GRVC in flex cuffs. The flex cuffs that were placed on Mehill Daka, Carlos Cintron, Benjamin

Livermore, Jonathan Cunningham, Xavier Johnson, and Jose Velazquez were excessively tight, causing abrasions. In addition, while being handcuffed, plaintiff Velazquez was struck by the defendants. Furthermore, plaintiff Velazquez was choked by the defendants. Those defendants who did not participate directly in the attack, failed to intervene and protect Velazquez from this assault.

29. The defendants, acting in concert, selected Mehill Daka, Carlos Cintron, Benjamin Livermore, Jonathan Cunningham, Xavier Johnson, and Jose Velazquez, and ordered them on their knees.

30. One defendant approached Mehill Daka and stated, in words and effect, that he was acting like an inmate advocate.

31. At this time, Mehill Daka was dressed only in underwear because he had just come from the shower.

32. Then without provocation, justification, or warning, this defendant hit Mehill Daka in the face with his fist. Daka fell to the ground, and another defendant then jumped on Daka's back, while another hit Daka with a baton in face causing a serious laceration. He was then kicked in the groin from behind by one defendant. Those defendants who did not participate directly in the attack, failed to intervene and protect Daka from this assault.

33. Thereafter, these defendants dragged Mehill Daka over to the pool of blood that had left behind by Rodney Reid's body and pushed Daka's face, and, in particular, his open wound into the blood.

34. The defendants placed Mehill Daka, Carlos Cintron, Benjamin Livermore, Jonathan Cunningham, Xavier Johnson, and Jose Velazquez in the hallway adjacent to Building 10A, Block GRVC where Rodney Reid had been dragged.

35. In retaliation for plaintiffs' complaints of the assault on Rodney Reid, in the hallway, several defendants, acting in concert, without provocation, warning, or justification violently struck Rodney Reid, Mehill Daka, Carlos Cintron, Benjamin Livermore, Jonathan Cunningham, and Xavier Johnson about their bodies, with their batons, feet and fists while the plaintiffs were still handcuffed, causing bruising, abrasions, contusions, and welts to the plaintiffs' bodies. Those defendants who did not participate directly in the attack, failed to intervene and protect the plaintiffs from this assault.

36. After the beating ended, a defendant Captain told the plaintiffs that if they sought medical treatment or complained they would be subject to further beatings and disciplinary charges. Plaintiffs placed in disciplinary confinement and purposely denied them medical treatment by delaying their access to medical care and not adhering to DOC policy which requires treating inmate injuries.

37. Eventually, Mehill Daka and Rodney Reid were treated for their injuries at Elmhurst Hospital.

38. In retaliation for Mehill Daka seeking medical treatment, on February 24, 2004 one of the defendants who had participated in the February 20, 2004 incident struck Daka, without provocation, justification, or warning on the right side of body.

39. In retaliation for Rodney Reid seeking medical treatment and logging a complaint with DOC's Inspector General's Office about the February 20, 2004 incident, on March 11, 2004, defendants Rodman, Castro, Varguez, Horn, and Williams without provocation, justification, or warning, violently struck Reid in the head causing contusions, lacerations, and a second concussion. Those defendants who did not participate directly in the attack, failed to intervene and protect the plaintiffs from this assault. Thereafter these defendants placed Reid in

disciplinary confinement and purposely denied him medical treatment by delaying his access to medical care and not adhering to DOC policy which requires treating inmate injuries.

40. All the plaintiffs were served with disciplinary infractions because of these incidents.

41. The defendants, as well as Captain Darlene Phifer, Assistant Deputy Warden L. Rivera, Warden Larry Davis subjected plaintiffs to an unlawful disciplinary process that was designed to cover up the aforementioned unlawful acts that had occurred on February 20, 2004 and March 11, 2004.

42. The aforesaid events were not an isolated incident. The City of New York has been aware for years (from lawsuits, notices of claim and complaints filed with the DOC Inspector General's Office) that many of its correction officers are insufficiently trained on the proper way to use force, provide medical care, and how to treat innocent inmates who are found in a location that is the subject of a prison incident. The City is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, the City has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

43. Moreover, the City of New York was aware, prior to February 20, 2004 and March 11, 2004 that the defendants lack the objectivity, temperament, maturity, discretion, and disposition to be employed as correction officers. Despite such notice, the city has retained these officers, and failed to adequately train and supervise them.

44. In carrying out the aforesaid unlawful acts, the defendants were motivated, at least, in part by the fact that the plaintiffs had complained about the unnecessary force inflicted by the defendants against Rodney Reid.

45. In carrying out the aforesaid unlawful acts, the defendants were motivated, at least, in part by the fact that the plaintiffs had complained to the DOC Inspector General Office about the February 20, 2004 incident.

46. As a result of defendants' actions, plaintiffs experienced personal and physical injuries, fear, embarrassment, humiliation, an invasion of privacy, pain and suffering, damage to reputation, and emotional distress.

**FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

47. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-46 as if fully set forth herein.

48. The conduct of the defendant officers, as described herein, amounted excessive force, assault and battery, retaliation for free speech, denial of medical care, conspiracy, fabricated evidence, harassment, malicious prosecution, deliberate indifference, gross negligence in managing subordinates, and implementation and continuation of an unlawful municipal policy, practice, and custom.  However, plaintiff Jose Velazquez alleges no violation of his rights under state law by the individual defendants.

49. The conduct of the defendant officers, as described herein, violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985(3), the First, Eighth, and Fourteenth Amendments to the United States Constitution, and, except for plaintiff Jose Velazquez, state law.

## FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK

50. Except for plaintiff Jose Velazquez, plaintiffs repeat and reallege the allegations contained in ¶¶ 1-49 as if fully set forth herein.

51. The aforesaid conduct by defendants, acting under color of state law, and pursuant to a municipal policy, practice and custom, violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985(3) the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and the New York State Constitution. However, plaintiff Jose Velazquez alleges no violation of his rights under federal or state law by the City of New York.

52. The City of New York directly caused the constitutional violations suffered by all the plaintiffs, except for plaintiff Jose Velazquez.

53. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints filed with the DOC and the Inspector General Office, and from the DOC's own observations, that the officers involved in the present case were unfit to be corrections officers, and that it was highly likely that they would commit the acts alleged in the present case.

54. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, retrain, supervise, discipline, and monitor the officers, and improperly utilized and retained them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture in which correction officers can harass and assault inmates without consequence. Indeed, when inmates file complaints against the police officers, the City has a practice of failing to substantiate the inmate complaint, even under circumstances where the

inmate complaint is corroborated and credible, and the account given by the correction officer is unworthy of belief.

       55.    Moreover, the City of New York was aware prior to the aforesaid incident that excessive uses of force and denial of medical care are pervasive in DOC facilities. Nevertheless, the City declined to take remedial action.

       56.    Except for plaintiff Jose Velazquez, the aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

       57.    Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law, except for plaintiff Jose Velazquez.

58.     Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior, except for plaintiff Jose Velazquez.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a.  Compensatory damages in an amount to be determined by a jury;

b.  Punitive damages in an amount to be determined by a jury;

c.  Costs, interest and attorney's fees;

d.  Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated:  New York, New York
        August 28, 2005

MICHAEL OLIVER HUESTON, ESQ.
Attorney for Plaintiffs
350 5th Avenue, Suite 6110
New York, New York 10118
(212) 643-2900

By:

_____
MICHAEL OLIVER HUESTON (MH-0931)

JOHN F. McHUGH (JM-1240)
Attorney for Plaintiffs
6 Water Street, Suite 401
New York, New York 10004

RICHARD H. ROSENBERG (RR-0846)
Attorney for Plaintiffs
250 West 57th Street, Suite 1931
New York, New York 10107